John Montgomery *v.* J. C. Pfluger,—Bill of exceptions.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

JOHN MONTGOMERY *vs.* J. C. PFLUGER,—BILL OF EXCEPTIONS.

A NEW TRIAL is not granted for contradictory EVIDENCE.
A defendant is liable for hay supplied him and used by him on request of his groom.
ORIGINAL ENTRIES are EVIDENCE of amounts and date, when the delivery is otherwise shown.
A letter denying the amount due on a claim is an ADMISSION that the goods were received.

This was an action of contract to recover $47.14, for hay sold and delivered to the defendant. The plaintiff offered in evidence his bill rendered with the following endorsement thereon by the defendant, viz.: "J. Montgomery, Esq. Dear Sir—I am not aware that I have ordered or purchased any hay from you, costing over $4 per week, when I am supplied regularly from another source at $1.50 per week. I was under the impression that you would send hay in *exchange* for manure, and up to the moment of receiving this bill I had no idea that I was to pay for hay which I did not require, and which I had neither ordered nor purchased. If you will accept one half of the amount of the bill, viz.: $22.25, you are welcome to it.

Yours very respectfully, J. C. PFLUGER."

This evidence was admitted as tending to show that some hay was delivered by the plaintiff to the defendant within the alleged dates, although not tending to show the accuracy of the charges; to which admission exception was taken and allowed.

The evidence was that the plaintiff is an attorney at law

and Police Justice, that he sells hay, keeping no clerk and entering in a day book the names of the persons to whom he delivers hay, with date and amount. The entries are loosely made, the account against the defendant appearing on the last fly-leaf, and entries at subsequent dates, against other persons, appearing in earlier pages of the book. The plaintiff's servant testified that he had taken hay to the defendant from the plaintiff between March and June, within which months the charges were made, but that he could not give the exact dates; that the plaintiff weighed the hay and entered the amount in the book aforesaid; that the defendant's groom had once come to ask for the hay. Under this evidence, the book was admitted with the plaintiff's suppletory oath, and exception to its admission was taken and allowed.

The defendant's counsel also excepted to the finding of the Court that "hay was delivered to the defendant by the plaintiff at the alleged dates." The defendant's groom had testified that he did not go to the plaintiff for hay, that the defendant's servant always took away manure when he brought hay, that both the plaintiff and the defendant had told him that the servant was to take away manure whenever he brought hay. The servant however testified that he continued to deliver hay after the defendant's wife and groom had told him to take no more manure. This exception was allowed. Exceptions were also taken and allowed to the findings of the Court that hay was delivered by the plaintiff, when if delivered at all, it was by the plaintiff's servant and to the failure of the Court expressly to find that the defendant did not personally order hay, and that he was otherwise suppled with hay.

### OPINION OF THE COURT.

The defendant's endorsement on the plaintiff's bill denies the agreement, but tends to show the receipt of hay, and was therefore correctly admitted.

The plaintiff's book of original entries was properly admitted, considering the small amount of the claim, that he had no clerk, that delivery of some hay was otherwise shown, and that the dates and amounts of delivery could not otherwise be shown. Such evidence is admitted in such cases *ex necessitate rei*. An original entry is a fact which if material may be given in evidence consistently with the statute which prevents parties from testifying in their own behalf.

Evidence was given to support the findings of fact, and the conflicting evidence in the case does not authorize us to set aside those findings. Verdicts resting on legal evidence are only disturbed in cases coming within the well settled rules of law, as established by numerous decisions of this Court.

The plaintiff's servant acted for the plaintiff in delivering hay, and the defendant's groom in asking for and receiving hay, acted for the defendant. Under all the circumstances in evidence, there was ground to infer that the defendant himself accepted and had the benefit of the hay, under an implied promise to pay its value. No value of the manure was shown, nor is it clear that this was agreed to be the consideration to be paid for the hay. As the Court were not satisfied that a special contract was made, only an action lay for an implied promise to pay the value of the hay.

The exceptions are overruled, and the judgment for the plaintiff is affirmed.

E. Preston for plaintiff.

R. H. Stanley and W. C. Jones for defendant.

Honolulu, December 4th, 1872.